# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

EKO BRANDS. LLC,

        Plaintiff,

v.

ADRIAN RIVERA MAYNEZ
ENTERPRISES INC; ADRIAN
RIVERA,

        Defendants.

C17-894 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Motion for Summary Judgment, docket no. 33, is DENIED. Summary judgment is "disfavored" in trademark infringement cases, but "may be entered when no genuine issue of material fact exists." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2009). The parties dispute material facts relevant to the issues of liability and damages in this action for trademark infringement and unfair competition, making summary judgment improper. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (establishing flexible eight-factor test for likelihood of confusion in trademark disputes).

(2) Defendants' Motion to Exclude the Testimony of Catherine Carr, docket no. 34, is DENIED in part and GRANTED in part. Plaintiff describes two topics on which Carr will testify: (1) the strength of the Ekobrew mark and brand and (2) ARM's selection of the Eko or Eco marks. The Court is satisfied that with respect to the first topic, strength of the Ekobrew mark, Carr's specialized knowledge will help the trier of fact understand the evidence and determine facts in issue, is based on sufficient facts or data, is the product of reliable principles and methods, and that Carr has reliably applied

MINUTE ORDER - 1

the principles and methods to the facts of this case.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *United States v. Hankey*, 203 F.3d 1160, 1168-69 (9th Cir. 2000) (applying *Daubert* factors to non-scientific expert); *see also Messick v. Novartis Pharmaceuticals Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (noting that although Rule 702 "should be applied with a liberal thrust favoring admission . . . it requires that expert testimony be both relevant and reliable") (internal quotation marks, alterations, and citations omitted).  That Carr did not conduct consumer surveys or perform a consumer study as part of her report does not warrant exclusion of her testimony.  *Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 822 (9th Cir. 1996) (observing that consumer surveys are probative evidence, but are not required to prove likelihood of confusion).  Carr based her opinion on a combination of her experience in brand development and management and on a review of the competing products' websites and social media accounts, product reviews, internet search analytics, and by asking various retailers about their reusable, single-serve coffee products.  Carr Report, docket no. 35-1, ¶ 10.  In light of these facts and data, the Court does not conclude there is "simply too great an analytical gap between the data and the opinion proffered."  *General Electric v. Joiner*, 522 U.S. 136, 146 (1997).  To the extent there are gaps or limitations in Carr's analysis regarding the strength of the marks, those issues go to the weight—not the admissibility—of her testimony.  With respect to the second topic—ARM's selection of various marks—the Court GRANTS Defendant's motion.  Plaintiff has not demonstrated that Carr's conclusions on this topic are based on sufficient facts or data or are the product of reliable principles or methods.  On this topic, the analytical gap between ARM's decisionmaking process—which Carr did not observe—and Carr's conclusions is "simply too great."  *Joiner*, 522 U.S. at 146.

(3) The Parties are DIRECTED to meet and confer within 14 days of this minute order and provide the Court with a status report regarding when this case can be set for trial and how much time will be required for trial.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of November, 2018.

<u>William M. McCool</u>
Clerk

<u>s/Karen Dews</u>
Deputy Clerk

MINUTE ORDER - 2