Honorable Thomas S. Zilly

**REDACTED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EKO BRANDS, LLC, | Civil Action No. 17-cv-894TSZ |
| Plaintiff, | PRETRIAL ORDER |
| v. | |
| ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.; and ADRIAN RIVERA, | |
| Defendants. | |

Pursuant to Local Civil Rule ("LCR") 16(h) and this Court's scheduling order (Dkt. 68), Plaintiff Eko Brands, LLC ("Eko") and Defendants Adrian Rivera Maynez Enterprises, Inc. and Adrian Rivera (collectively "ARM") submit their Joint Pretrial Statement.

**A.    FEDERAL JURISDICTION**

This action arises, in part, under the trademark laws of the United States of America, 15 U.S.C. § 1051 et seq. Jurisdiction over the trademark infringement, false designation of origin and federal unfair competition claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

**B.    EKO'S CLAIMS**

1.    ARM has, without consent of Eko, used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Eko's registered EKOBREW and ekobrew trademarks in

JOINT PRETRIAL ORDER - 1
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

connection with beverage brewing products in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114, including by unauthorized adoption and use of ECO____marks, including without limitation ECO-FILL (including ECO-FILL DELUXE, ECO-FILL DELUXE 2.0 and ECO-FILL MAX), ECO CARAFE, ECO FLOW, ECO-PURE, ECO-FILTER and ECOSAVE.

     **ARM OBJECTION**: ARM objects to Eko's inclusion of the ECO-FILTER, ECO-PURE and ECOSAVE marks as included in this lawsuit. Eko's Complaint only includes the ECO-FILL, ECO-FLOW and ECO CARAFE marks. These same three marks were included in Eko's interrogatories propounded in 2018. Although the interrogatory definitions referred vaguely to "any form of the marks visually or phonetically similar thereto," in May 2018, ARM specifically objected to these definitions as vague (in multiple places) and stated that "It is not clear what Plaintiff means." ARM asserted that "ARM interprets the 'Accused Products' to be those listed in the definitions." Eko never moved to compel or otherwise sought additional information regarding any other products. In addition, Eko never sought to amend its complaint. Therefore, only the ECO-FILL, ECO-FLOW and ECO CARAFE marks are at issue. ARM will not repeat this objection again but note that this applies to all instances where any other mark is improperly included.

     **EKO RESPONSE**: Eko's position is that the ECO-FILTER, ECO-PURE and ECOSAVE marks are very much at issue and part of the case. ARM's accused infringement of these products includes all uses of ECO, regardless of the suffix added or when ARM's adoption and infringing use began. For these three marks, ARM's adoption and infringing use begun in the last year, long after the complaint was filed. Even so, the initial complaint included allegations broadly including any ECO_____marks. (Dkt. 1 ¶ 39 "Defendants have, without consent of Eko, used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Eko's registered EKOBREW and

JOINT PRETRIAL ORDER - 2
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Trademarks;" ¶ 40 "Defendants have engaged in false designation of origin and unfair competition by knowingly and willfully creating an affiliation or connection trademarks;" VI(1),(2) seeking injunction, destruction and damages against "ECO-FILL, ECO-FILL DELUXE 2.0, ECO CARAFE and ECO-FLOW marks, or any other marks confusingly similar thereto.") Eko's April 18, 2018 discovery requests broadly sought information and documents pertaining to "any form of the [ECO_] marks visually or phonetically similar thereto." At the time of ARM's response, it had not yet adopted or used in commerce the three new ECO-FILTER, ECO-PURE and ECOSAVE marks. But by the date of the parties' agreed supplementation on August 8, 2019, use of these new infringing marks had begun, and ARM knew that these new marks were at issue at that time. Indeed, ARM clearly recognized this when it (not Eko) properly included "Eco-anything" in  the August 8, 2019 supplement, and provided financial information for the ECO-FILTER, ECO-PURE and ECOSAVE branded products. Eko is not aware of any authority requiring Eko to amend its complaint to include derivative infringing marks adopted by ARM since commencement of the lawsuit and were specifically anticipated in the complaint. But even if that were the case, under these circumstances, particularly given that ARM sought to hide its adoption and use of these marks from Eko by withholding required discovery supplementation, the Court can readily grant any required amendment to insure their inclusion. *E.g., Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, 2014 U.S. Dist. LEXIS 91136 (S.D. Ca. 2014).

2.     ARM has engaged in false designation of origin and unfair competition by knowingly and willfully creating an affiliation or connection between them and Eko in order to confuse and mislead the public as to the source of the related products and services in violation of 15 U.S.C. § 1125, including by unauthorized adoption and use of ECO____marks, including

JOINT PRETRIAL ORDER - 3
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES pllc

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

without limitation ECO-FILL (including ECO-FILL DELUXE, ECO-FILL DELUXE 2.0 and ECO-FILL MAX), ECO CARAFE, ECO FLOW, ECO-PURE, ECO-FILTER and ECOSAVE.

3.      Eko seeks a permanent injunction against ARM and all officers, agents, affiliates, employees, representatives, and all persons in active concert or participation with them in any way, from use of the ECO marks, including without limitation ECO-FILL (including ECO-FILL DELUXE, ECO-FILL DELUXE 2.0 and ECO-FILL MAX), ECO CARAFE, ECO FLOW, ECO-PURE, ECO-FILTER and ECOSAVE, or any other marks confusingly similar thereto, as a service mark, trademark, trade name, domain name or part thereof alone or in combination with other words, symbols, styles, titles or marks in connection with coffee products, pursuant to 15 U.S.C. § 1116 and other applicable law.

4.      Eko seeks an order that ARM deliver up for destruction all products, printed material, stationery, business forms, signs, advertisements, brochures, promotional material, manuals, pamphlets, labels, packages, containers, and all other materials bearing ECO marks, including without limitation ECO-FILL (including ECO-FILL DELUXE, ECO-FILL DELUXE 2.0 and ECO-FILL MAX), ECO CARAFE, ECO FLOW, ECO-PURE, ECO-FILTER and ECOSAVE, or any derivative, colorable imitation, or confusingly similar marks, together with all means for making or reproducing the same, pursuant to 15 U.S.C. § 1118 and other applicable law

5.      Eko seek cancellation of U.S. Registration Nos. 4239190, 4796840, 5741858 and U.S. Application Nos. 88434433 and 88434459.

6.      Eko seeks an award of damages sufficient to compensate Eko for all injury sustained as a result of ARM's wrongful trademark infringement and Lanham Act violation, including wrongful profits of ARM, pursuant to 15 U.S.C. § 1117 and other applicable law.

7.      Eko also seeks exemplary damages and all of Eko's litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and other applicable law, along with prejudgment interest and costs.

JOINT PRETRIAL ORDER - 4
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES ₚₗₗₒ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**C.     ARM'S DEFENSES**

1.     Laches based on Eko's delay in bringing suit and resulting prejudice. Eko knew or should have known of ARM's ECO-FILL mark at least as early as 2012 when ARM's ECO-FILL mark registered with the U.S. Trademark Office. Eko's five year delay in bringing suit is well beyond the presumption period for the application of laches based on analogous state law claims for trademark infringement and false advertising (three years).

2.     Mitigation of damages.

3.     Double recovery based on Eko's already having been awarded damages on the same disputed products in the prior patent litigation between the parties.

**EKO OBJECTION**: Eko disputes that it knew or should have known about ARM's ECO-FILL mark at last as early as 2012, and in fact did not learn of that mark until Eko was notified of ARM's suit against Eko in the ITC in September 2014. Mover, because Eko filed this suit within three years of its knowledge of ARM's infringement, the presumption is that laches does *not* apply. For these reasons, among others, Eko disputes that it unreasonably delayed in bringing this suit beyond any applicable limitations period for Lanham Act claims. Eko objects to ARM's Defenses Nos. 2-4 above as they were never pled and are therefore not in the case, and ARM's efforts to assert them on the eve of trial, long after the close of discovery, is untimely and highly prejudicial. Eko has disputed these issues more fully in its pending Motion in Limine.

**ARM's RESPONSE**: Instead of briefing the laches issue here, ARM respectfully refers the Court to its trial brief, which covers the laches issue extensively. ARM will also file a motion for judgment as a matter of law on this issue as appropriate.

JOINT PRETRIAL ORDER - 5
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**D.     ADMITTED FACTS**

The following are facts admitted to by stipulation of the parties:

1.      Eko is the owner of U.S. Trademark Registration No. 5073356 for the mark EKOBREW, registered November 2, 2016 in Class 11 for "[r]eusable filter, not of paper, for use in electric brewing machines for beverage," based on actual use commencing at least as early as September 7, 2011.

2.      Eko is the owner of U.S. Trademark Registration No. 5073357 for the mark ekobrew, registered November 2, 2016 in Class 11 for "[r]eusable filter, not of paper, for use in electric brewing machines for beverage," based on actual use commencing at least as early as September 7, 2011.

3.      Defendant Adrian Rivera ("Rivera") is the owner of U.S. Trademark Registration No. 4186815 for the mark PERFECT POD for use in Class 16 for "[p]aper filters for coffee makers." The application for this registration was filed January 4, 2012, and is based on claimed actual use as of May 15, 2006.

4.      Rivera is the owner of U.S. Trademark Registration No. 4124694 for the mark EZ-CUP for use in Class 11 for "[e]lectric coffee brewer accessories, namely, a reusable plastic holder for brewing coffee by holding paper coffee filters and coffee for use in an electric coffee machine. The application for this registration was filed June 13, 2011, and is based on claimed actual use as of January 31, 2010.

5.      Rivera is the owner of U.S. Trademark Registration No. 4239190 for the mark ECO-FILL for use in Class 11 for "[r]eusable single serving coffee filter not of paper being part of an electric coffee maker." The application for this registration was filed December 19, 2011, and is based on claimed actual use as of September 7, 2012.

6.      Rivera is the owner of U.S. Trademark Registration No. 4796840 for the mark ECO-CARAFE for use in Class 11 for "[e]mpty brewing cartridges for use in electric coffee

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

machines." The application for this mark was filed October 14, 2014, and is based on claimed actual use as of February 4, 2015.

7.      ARM also began selling reusable beverage filter capsules under an ECO-FLOW mark in January 2016.

8.      The goods for which Eko and ARM use their marks are reusable filter cartridges for use in electric coffee machines, and related to complementary goods.

9.      ARM's sales of products sold under the ECO-FILL (including "Deluxe" and "Max"), ECO-CARAFE and ECO-FLOW marks between January 1, 2012 and July 31, 2019 is ██████████.

**The following are facts admitted to by stipulation of the parties, if the Court rules that the ECO-PURE, ECO-FILTER and ECOSAVE marks are included in the case:**

10.     ARM began selling cleaning kits for reusable beverage filter capsules under the ECO-PURE mark in 2018.

11.     Rivera is the owner of U.S. Trademark Registration No. 5741858 for the mark ECO FILTER for use in Class 16 for "[p]aper coffee filters." The application for this mark was filed September 22, 2017, and is based on claimed actual use as of August 31, 2017.

12.     Rivera is the owner of U.S. Trademark Application No. 88434433 for the mark ECOSAVE for use in Class 11 for use with reusable filter cartridges for use in electric coffee machines, among other things. The application for this mark was filed May 16, 2019 and is based on intent to use.

13.     Rivera is the owner of U.S. Trademark Application No. 88434459 for the mark for use in Class 11 for use with reusable filter cartridges for use in electric coffee machines, among other things. The application for this mark was filed May 16, 2019 and is based on intent to use.

JOINT PRETRIAL ORDER - 7
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES pllc

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

ARM's sales of products sold under the ECO-FILTERS, ECO-PURE and ECOSAVE marks between January 1, 2012 and July 31, 2019 is ████████.

## I.   ISSUES OF LAW

ARM believes that the following are issues of law that could be decided before trial:

1.      Whether Eko's marks were protectable as inherently distinctive before ARM began use of its ECO FILL mark in 2012;

2.      Whether the presumption of laches applies to bar Eko's claims;

3.      Whether Eko is barred from claiming damages already attributed to the patent (as opposed to the marks) and claimed in the prior patent infringement case between the parties; and

**EKO OBJECTION**: ARM identifies several such issues of law, and that they can be decided before trial, but Eko disagrees. **First**, Eko does not believe that any of these can be decided before trial. And even if they could have been, it should have been as part of a timely filed summary judgment motion, not as part of a request first made in a proposed pretrial order. **Second**, the issue of whether Eko's marks were protective is not properly stated. As it pertains to Eko's federally registered marks, there is a presumption that they are inherently distinctive as of the date of registration. As it pertains to Eko's 1125(a) claims, the proper inquiry is whether Eko's marks were either inherently distinctive or had acquired distinctiveness as of the date of first use of each of the accused infringing ARM marks. **Third**, because Eko filed this suit within three years of its knowledge of ARM's infringement, the presumption is that laches does *not* apply. Moreover, laches is an equitable issue decided by the Court, albeit based on underlying facts that may be presented to the jury. Eko has disputed these issues more fully in its pending Motion in Limine.

**ARM's RESPONSE**: Instead of including additional briefing here, ARM respectfully refers the Court to its Trial Brief which discusses these issues extensively.

JOINT PRETRIAL ORDER - 8
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## II.   WITNESSES

Eko identifies the following witnesses who might be called at trial.

| Expert/ Witnesses | Contact Information | Content of Testimony | Will Testify | May Testify |
|---|---|---|---|---|
| Mr. Chris Legler | c/o Lowe Graham Jones 701 Fifth Ave., Suite 4800 Seattle, WA 98104 T: 206.381.3300 | Mr. Legler will testify on Eko's use and registration of its trademarks and ARM's wrongful actions. He may testify about impact of ARM's wrongful actions on the marketplace, actual confusion, and damages. | X | |
| Ms. Laura Sommers | c/o Lowe Graham Jones 701 Fifth Ave., Suite 4800 Seattle, WA 98104 T: 206.381.3300 | Ms. Sommers will testify on Eko's use and registration of its trademarks and ARM's wrongful actions. She may testify about impact of ARM's wrongful actions on the marketplace, actual confusion, and damages. | X | |
| Mr. Jim Peterson | c/o Lowe Graham Jones 701 Fifth Ave., Suite 4800 Seattle, WA 98104 T: 206.381.3300 | Mr. Peterson may testify on Eko's use of its trademarks and ARM's wrongful actions on the marketplace, actual confusion, and damages. | | X |
| Ms. Catherine Carr | 6732 55th Ave S. Seattle, WA 98118 206.295.4051 | In her capacity as an expert, Ms. Carr will testify as to all matters disclosed in her report and any supplementation thereof, matters raised on cross-examination, and matters not otherwise excluded by this Court. | X | |
| Mr. Adrian Rivera | c/o Lane Powell | Eko may call Mr. Rivera to discuss his knowledge of Eko's trademarks and ARM's wrongful actions. | | X |
| Mr. Dino Ditta | c/o Lane Powell | Eko may call Mr. Ditta to discuss his knowledge of Eko's trademarks and ARM's wrongful actions. | | X |

ARM identifies the following witnesses who might be called at trial.

| Witnesses | Contact Information | Content of Testimony | Will Testify | May Testify |
|---|---|---|---|---|
| Mr. Adrian Rivera | c/o Lane Powell | ARM may call Mr. Rivera to discuss his knowledge ARM's history and development, the decision to use "eco" marks, competition with Eko, other "eco" marks and their impact on the marketplace, confusion, and damages. | X | |
| Mr. Dino Ditta | c/o Lane Powell | ARM may call Mr. Ditta to discuss his knowledge of ARM's history and development, the decision to use "eco" marks, competition with Eko, other "eco" marks and their impact on the marketplace, confusion, and damages and financial information. | X | |
| Mr. Rob Bangerter | c/o Lane Powell | ARM may call Mr. Bangerter. | | X |

**EKO OBJECTION**: Eko objects to ARM's proposed witnesses. Specifically,

(1) Kenneth Green, Thomas Champagne, John Denkenberger, Marquis Baretto and Paja

Sanchez on the basis that these witnesses were never previously disclosed in either ARM's

initial disclosures or responses to interrogatories until long after the close of discovery, for

the first time on August 8, 2019 (or later); and (2) Kenneth Green, Thomas Champagne,

John Denkenberger, Marquis Baretto, Paja Sanchez, Adrian Rivera and Dino Ditta on any

subject matter that has never previously been disclosed and/or is exclusively within the

JOINT PRETRIAL ORDER - 10
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES ᴾˡˡᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

province of experts, for which ARM has none, including regarding Eko's application for the "EKOBREW" marks, the reasons for abandoning those applications, the descriptive nature of the marks, the impact of "eco" and "eko" marks on the marketplace, confusion, and damages. Eko has disputed these issues more fully in its pending Motion in Limine.

**ARM RESPONSE**: ARM respectfully refers the Court to their opposition to the pending Motions in Limine instead of repeating arguments here.

**E.    TRIAL EXHIBITS**

With the exception of noted physical exhibits, and subject to the Court's approval, the parties intend to present exhibits in electronic form to the jurors, and therefore request the Court's approval to do so pursuant to LR 43(h)(4). Submitted Appendix A is a list of Eko's and ARM's trial exhibits, noting those where stipulation as to authenticity or admissibility has been reached. As many of the exhibits have only recently provided for review, the parties are continuing to review and work in good faith to reach agreement where possible, and intend to provide an updated list to the Court in advance of the pretrial conference.

**F.    ACTION BY THE COURT**

1.    This case is currently scheduled for trial before a jury on September 16, 2019.

2.    Trial briefs, proposed voir dire questions and proposed verdict forms are to be submitted by August 30, 2019.

3.    Party objections to the Courts proposed jury instructions are to be submitted by September 3, 2019.

4.    A pretrial conference is scheduled for September 6, 2019 at 11:00 am.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

This Order has been approved by the parties as evidenced by the signatures of their counsel.

This Order shall control the subsequent course of the action unless modified by a subsequent order.

This Order shall not be amended except by order of the court pursuant to agreement of the parties

or to prevent manifest injustice.

3

4

5

DATED this 11th day of September, 2019.

6

7

8

9

Thomas S. Zilly
United States District Judge

10

11

12

RESPECTFULLY SUBMITTED, August 30, 2019

13

14

s/ David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
Lawrence D. Graham, WSBA No. 25,402
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

s/ Kenneth R. Davis II DavisK@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
T: 503.778.2100

Attorneys for Defendants

15

16

17

18

19

Attorneys for Plaintiff

20

21

22

23

24

25

26

JOINT PRETRIAL ORDER - 12
Civil Action No. 17-cv-894TSZ
ESUP-6-0008P28 Joint Pretrial Order SEALED

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301