UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EKO BRANDS, LLC,

        Plaintiff,

v.

ADRIAN RIVERA MAYNEZ
ENTERPRISES, INC.; and ADRIAN
RIVERA,

        Defendants.

C17-894 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff is DIRECTED to show cause by **noon** on Wednesday, September 18, 2019, why the Court should not impose sanctions for plaintiff's failure to make mandatory disclosures in discovery concerning the actual damages it seeks in this action. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to provide, without awaiting a discovery request, a "computation of each category of damages," and to make available for inspection and copying "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Plaintiff failed to timely comply with Rule 26(a)(1)(A)(iii). Federal Rule of Civil Procedure 37(c)(1) authorizes the Court to impose appropriate sanctions for violation of Rule 26(a)(1)(A)(iii), even in the absence of any prior motion by the opposing party to compel discovery. *See* <u>Toyrrific, LLC v. Karapetian</u>, 606 Fed. App'x 365 (9th Cir. 2015). Plaintiff also failed to timely comply with Federal Rule of Civil Procedure 33. In response to defendants' interrogatory seeking the "factual and legal basis" for plaintiff's damages, plaintiff indicated merely that it wants "damages sufficient to compensate [it] for all injury sustained," including the disgorgement of defendants'

MINUTE ORDER - 1

profits. *See* Pla.'s Resp. to Interrogatory No. 15 (docket no. 118-2). Plaintiff did not supplement this response. In August 2018, defendants moved for summary judgment on the ground that, among other things, plaintiff had produced no evidence of actual damages. *See* Defs.' Mot. at 17-18 (docket no. 33). In response to the dispositive motion, plaintiff presented arguments about the disgorgement of defendants' profits, but did not mention any of the components of actual damages that it now seeks, namely diminution in goodwill, lost profits, and/or the expenses of corrective advertising. *See* Pla.'s Resp. at 20-21 (docket no. 52). According to defendants, the first time plaintiff mentioned loss of goodwill and the costs of corrective advertising was during the telephonic conference held on September 13, 2019, four days after the Pretrial Conference and the last judicial day before trial. *See* Defs.' Resp. at 1 (docket no. 116). Given the procedural history and posture of this case, the Court rejects plaintiff's suggestion that defendants are somehow precluded from objecting to plaintiff's request for actual damages by not moving to compel plaintiff to answer Interrogatory No. 15 and/or by not noting under Federal Rule of Civil Procedure 30(b)(6) the deposition of Christopher Legler, who signed the verification for plaintiff's response to Interrogatory No. 15, *see* docket no. 118-2, and who, when asked about the subject in his deposition on July 17, 2018, testified that plaintiff's "damages sufficient to compensate" was "not a calculable number right now" and that he did not have "a number in front of [him] right now." Legler Dep. at 65:17-25 (docket no. 115-1). Plaintiff is hereby placed on notice that the Court considers plaintiff's discovery violations to involve the willfulness, fault, and/or bad faith required to impose severe sanctions, including precluding the use as evidence at trial of all materials and testimony that should have been disclosed under Rules 26(a)(1)(A)(iii) and/or 33, informing the jury about plaintiff's violations of the Federal Rules of Civil Procedure, striking or dismissing with prejudice plaintiff's prayer for actual damages, and/or requiring plaintiff to pay defendants the reasonable attorney's fees and costs caused by plaintiff's and/or its attorneys' conduct. *See* Fed. R. Civ. P. 37; *see also* *Tablizo v. City of Las Vegas*, 720 Fed. App'x 875 (9th Cir. 2018); Jay E. Grenig & Jeffrey S. Kinsler, HANDBOOK FED. CIV. DISCOVERY & DISCLOSURE § 12:12 (4th ed. 2016).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of September, 2019.

                                                  William M. McCool
                                                  Clerk

                                                  s/Karen Dews
                                                  Deputy Clerk