1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EKO BRANDS, LLC,

                Plaintiff,

     v.

ADRIAN RIVERA MAYNEZ
ENTERPRISES, INC.; and ADRIAN
RIVERA, an individual,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-00894-TSZ

**DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF
LAW**

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ......................................................................................... 1

II. ARGUMENT ............................................................................................... 1

    A.  ARM's Selection and Use of Its Trademarks Was Not Calculated to Exploit the Advantage of an Established Trademark, Nor was it Done Deliberately with an Intent to Deceive. .................................................. 1

    B.  Plaintiff's Trademark is Invalid Against ARM's Use Because EKOBREW is Merely Descriptive and Lacks Secondary Meaning. .................. 3

        1.  A plaintiff is always required to prove secondary meaning as of the date of defendant's first use. ................................................. 3

        2.  Plaintiff's mark EKOBREW is not inherently distinctive and thus does not function as a source-identifying mark absent proof of secondary meaning ........................................................ 4

        3.  Plaintiff cannot prove EKOBREW has secondary meaning ................... 5

    C.  There is No Likelihood of Confusion Between Plaintiff's Marks and Defendant's Marks. ....................................................................... 6

    D.  Plaintiff is Not Entitled to Recover Damages. ....................................... 7

        1.  As previously briefed to the Court, Plaintiff seeks an impermissible double-recovery of damages/profits that are duplicative of those sought and obtained in a prior patent lawsuit between the parties ...................................................... 7

        2.  Plaintiff cannot recover ARM's profits because it did not prove that ARM willfully infringed, a pre-requisite for recovery ........................................................................... 7

    E.  Plaintiff's Claims Are Barred by Laches. ............................................. 8

        1.  ARM meets the standard for laches ................................................. 8

        2.  Plaintiff had constructive notice of ARM in 2012 ................................ 10

        3.  Numerous Other Evidence Demonstrates that Plaintiff Should have known of ARM more than three years prior to filing suit .......................................................................... 10

        4.  Plaintiff's Delay was unreasonable ................................................. 11

        5.  Plaintiff's delay prejudiced ARM .................................................. 12

III. CONCLUSION ......................................................................................... 13

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - i
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

719141.0001/7780494.5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*adidas v. Kmart*, No. CV-05-120-ST, 2006 WL 2044857 (D. Or. June 15, 2006) ......................12

*Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*,
    367 F. Supp. 3d 1072 (N.D. Cal. 2019)...................................................................2

*Am. Inc. v. Payless Shoesource, Inc.*,
    540 F. Supp. 2d 1176.....................................................................................9, 12

*AMF Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979) ............................................................................6

*Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*,
    305 U.S. 315 (1938) ........................................................................................5

*Aromatique, Inc. v. Gold Seal, Inc.*,
    28 F.3d 863 (8th Cir. 1994) ..............................................................................3

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009)........................................................................2, 6

*Baby Trend, Inc. v. Playtex Prods., LLC*,
    No. 5:13-cv-647-ODW(RZx), 2013 WL 4039451 (C.D. Cal. Aug. 7, 2013) ......................9

*beef & brew, inc. v. BEEF & BREW, INC.*,
    389 F. Supp. 179 (D. Or. 1974) ......................................................................4, 6

*Bikila v. Vibram USA Inc.*,
    218 F. Supp. 3d 1206 (W.D. Wash. 2016) ...............................................9, 10, 13

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*,
    871 F.2d 590 (6th Cir. 1989) ............................................................................2

*Converse, Inc. v. Int'l Trade Comm'n Skechers U.S.A., Inc.*,
    909 F.3d 1110 (Fed. Cir. 2018) ......................................................................3, 6

*E! Entm't Television, Inc. v. Entm't One GP Ltd.*,
    No. CV09-01778 R (RCX), 2009 WL 10673224.....................................................7

*E-Sys., Inc. v. Monitek, Inc.*,
    720 F.2d 604 (9th Cir. 1983) ..........................................................................10

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - ii
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

719141.0001/7780494.5

*Evergreen Safety Council v. RSA Network Inc.*,
   697 F.3d 1221 (9th Cir. 2012) ...................................................................................10

*First Brands Corp. v. Fred Meyer, Inc.*,
   809 F.2d 1378 (9th Cir. 1987) ......................................................................................5

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
   903 F. Supp. 2d 1120 (D. Or. 2012) ..............................................................................9

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
   965 F. Supp. 2d 1184 (D. Or. 2013) .................................................................9, 12, 13

*Free Kick Master LLC v. Apple, Inc.*,
   No. 15-cv-3403-PJH, 2016 WL 777916 (N.D. Cal. Feb. 29, 2016) ............................9

*G. Heileman Brewing Co. v. Anheuser-Busch Inc.*,
   676 F. Supp. 1436 (E.D. Wis. 1987), *aff'd*, 873 F.2d 985 (7th Cir. 1989) ...............2

*Grupo Gigante SA De CV v. Dallo & Co., Inc.*,
   391 F.3d 1088 ..............................................................................................................13

*In re Calphalon Corp.*,
   122 U.S.P.Q.2d 1153 (TTAB 2017) ..............................................................................5

*Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*,
   559 F.3d 985 (9th Cir. 2009) ........................................................................................9

*iShow.com, Inc. v. Lennar Corp.*, No. C15-1550RSL,
   2017 WL 1050344 (W.D. Wash. Mar. 17, 2017) .....................................................8, 9

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
   304 F.3d 829 (9th Cir. 2002) ...............................................................................8, 9, 12

*Kittrich Corp. v. United Indus. Corp.*,
   Case No. CV 17-06211, 2017 WL 10434389 (C.D. Cal. 2017) ...................................4

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*,
   762 F.3d 867 (9th Cir. 2014) .....................................................................................8, 9

*Levi Strauss & Co. v. Blue Bell, Inc.*,
   778 F.2d 1352 (9th Cir. 1985) ..............................................................................3, 5, 6

*Multifab, Inc. v. ArlanaGreen.com*,
   122 F. Supp. 3d 1055 (E.D. Wash. 2015) ....................................................................7

*Nat'l Prod., Inc. v. Arkon Res., Inc.*,
   No. C15-1553-JPD, 2017 WL 5499801 (W.D. Wash. Nov. 16, 2017) .........................3

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - iii
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

*Official Airline Guides, Inc. v. Goss*,
  6 F.3d 1385 (9th Cir. 1993) ................................................................................4

*PaperCutter, Inc. v. Fay's Drug Co., Inc.*,
  900 F.2d 558, 14 U.S.P.Q.2d 1450 (2nd Cir. 1990) ............................................2

*Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*,
  894 F.3d 1015 (9th Cir. 2018) ...................................................................8, 10, 12

*San Miguel Pure Foods Co. v. Ramar Int'l Corp.*,
  625 F. App'x 322 (9th Cir. 2015) ......................................................................12

*Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*,
  680 F. Supp. 2d 1107 (N.D. Cal. 2010) ..............................................................3

*Steak & Brew Inc. v. Beef & Brew Restaurant, Inc.*,
  370 F. Supp. 1030 (S.D. Ill. 1974) ..................................................................4, 6

*Stone Creek v. Omnia Italian Design, Inc.*,
  875 F.3d 426 (Aug. 30, 2017) ............................................................................7

*Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*,
  856 F. Supp. 2d 1136 (C.D. Cal. 2012) ........................................................8, 11

*Unisplay S.A. v. American Elec. Sign Co.*,
  28 U.S.P.Q.2d 1721 (E.D. Wash. 1993), *aff'd*, 69 F.3d 512, 36 U.S.P.Q.2d
  1540 (Fed. Cir. 1995) ........................................................................................5

*Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*,
  No. 12-00704DKW-RLP, 2013 WL 5503087 (D. Haw. Sept. 30, 2013) ..............4

*Whittaker Corp. v. Execuair Corp.*,
  736 F.2d 1341 (9th Cir. 1984) ..........................................................................13

*WLWC Centers, Inc. v. Winners Corp.*,
  563 F. Supp. 717 (M.D. Tenn. 1983) ..................................................................2

**Statutes**

Lanham Act ...............................................................................................................8, 9

RCW 4.16.080(2) ..........................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 50(a)(1) ................................................................................................1

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - iv
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

719141.0001/7780494.5

2 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition*
    § 16:34 ................................................................................................................6

2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
    § 16:34 (5th ed.) .............................................................................................3, 4

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - v
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

719141.0001/7780494.5

# I.  INTRODUCTION

Defendants Adrian Rivera Maynez, Inc. and Adrian Rivera ("ARM") respectfully move pursuant to Rule 50 of the Federal Rules of Civil Procedure, for Judgment as a Matter of Law. Even considering the evidence in the light most favorable to Plaintiff Eko Brands ("Plaintiff"), a reasonable jury would not have a legally sufficient evidentiary basis to find that:

1.       ARM's selection and use of its trademark was a willful attempt to take advantage of an established trademark or was done deliberately with an intent to deceive;

2.       the EKOBREW marks acquired secondary meaning or were suggestive as of the date of ARM's first use;

3.       there is a likelihood of confusion between Plaintiff's mark and ARM's marks;  or

4.       Plainitff is entitled to recover damages.

Perhaps most importantly, even considering the evidence in a light most favorable to Plaintiff, Plaintiff's claims are barred by laches.

# II.  ARGUMENT

A Court may grant a motion for judgment as a matter of law or direct the entry of judgment as a matter of law if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

## A.    ARM's Selection and Use of Its Trademarks Was Not Calculated to Exploit the Advantage of an Established Trademark, Nor was it Done Deliberately with an Intent to Deceive.

The near-contemporaneous adoption of Plaintiff and ARM's marks, and ARM's good faith filing for ARM's (non-identical) mark mere weeks after Plaintiff allegedly began using Plaintiff's mark, precludes any inference that ARM adopted its mark with any willful intent. Plaintiff's mark was brand-new and had not developed any brand or consumer recognition at the time of ARM's adoption; Plaintiff's mark was not worth copying.  Plaintiff did not meet its high bar to establish willfulness, which requires a deliberate intent to deceive. *See Am. Auto. Ass'n of*

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 1
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

719141.0001/7780494.5

1  *N. California, Nevada & Utah v. Gen. Motors LLC*, 367 F. Supp. 3d 1072, 1102 (N.D. Cal. 2019)

2  (*citing Stone Creek v. Omnia Italian Design, Inc.*, 875 F.3d 426, 439 (Aug. 30, 2017)).  Plaintiff's

3  registrations claim a first use date of the EKOBREW mark of September 2011.  The record shows

4  that ARM filed its application for ECO FILL with the USPTO in December 2011, a mere three

5  months after Plaintiff's alleged first use.  Moreover, ARM was considering its ECO FILL mark

6  even before Plaintiffs' alleged use began in September 2011.  ARM was working with a graphic

7  designer to create product packaging and logos for an ECO FILL mark during this period.

8  Because Plaintiff waited so long to file suit, ARM no longer has evidence available of when

9  exactly it created and selected its mark.  Regardless, however, ARM's selection and filing of its

10  mark occurred well before Plaintiff would have been able to build consumer goodwill in its

11  nascent EKOBREW brand.

12         Numerous cases have held that similar or even longer periods of time than here (at best

13  for Plaintiff, a three month gap) are insufficient for the owner of a descriptive mark to establish

14  secondary meaning.  *See, e.g.*, *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1147

15  (9th Cir. 2009) (affirming grant of summary judgment in favor of defendant where plaintiff's

16  trade dress had not acquired secondary meaning during the approximately five-year period prior

17  to defendant's use); *Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590

18  (6th Cir. 1989) (Plaintiff failed to prove secondary meaning in a 20 month period before

19  defendant's entry despite $2 million in gross sales and $100,000 in advertising; court noted that

20  necessary duration for use of mark to establish secondary meaning is "more than a relatively

21  short period"); *G. Heileman Brewing Co. v. Anheuser-Busch Inc.*, 676 F. Supp. 1436, 1493 (E.D.

22  Wis. 1987), *aff'd*, 873 F.2d 985 (7th Cir. 1989) ("The court has found no other case in which

23  there has been a finding that secondary meaning had developed in a matter of weeks."); *WLWC*

24  *Centers, Inc. v. Winners Corp.*, 563 F. Supp. 717, 723 (M.D. Tenn. 1983) (use for approximately

25  three years prior to junior user's entry insufficient to establish secondary meaning); *PaperCutter,*

26  *Inc. v. Fay's Drug Co., Inc.*, 900 F.2d 558, 564, 14 U.S.P.Q.2d 1450 (2nd Cir. 1990) ("given the

27  very slight priority of use of the mark by the plaintiff over the defendant, it is hardly conceivable

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 2
Civil Action No. 17-CV-00894-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1  that customers could have come to associate plaintiff's mark with the source so as to prevent the

2  use of that term by one whose use had begun before the secondary meaning was acquired.").

3  **B.**   **Plaintiff's Trademark is Invalid Against ARM's Use Because EKOBREW is Merely**
   **Descriptive and Lacks Secondary Meaning.**

4

5      1.   A plaintiff is always required to prove secondary meaning as of the date of

6  defendant's first use.  *See e.g.*, 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair*

7  *Competition* § 16:34 (5th ed.) ("The rule is that the senior user must prove the existence of a

8  secondary meaning in its designation at the time and place that the junior user first began use of

9  that mark."); *Levi Strauss & Co. v. Blue Bell, Inc.,* 778 F.2d 1352, 1358 (9th Cir. 1985) ("[Levi]

10  Strauss was required to prove that the tab as used on shirts had acquired secondary meaning by

11  1976, when Blue Bell began using a protruding label on shirts."); *Converse, Inc. v. Int'l Trade*

12  *Comm'n Skechers U.S.A., Inc.*, 909 F.3d 1110, 1116 (Fed. Cir. 2018) ("In any infringement

13  action, the party asserting [] protection must establish that its mark had acquired secondary

14  meaning before the first infringing use by each alleged infringer."); *Nat'l Prod., Inc. v. Arkon*

15  *Res., Inc.*, No. C15-1553-JPD, 2017 WL 5499801, at *12 (W.D. Wash. Nov. 16, 2017) ("the time

16  for assessing secondary meaning is when the alleged infringement began"); *Sand Hill Advisors,*

17  *LLC v. Sand Hill Advisors, LLC*, 680 F. Supp. 2d 1107, 1117 (N.D. Cal. 2010) ("evidence of

18  secondary meaning must be established as of the time that the alleged infringer began using the

19  mark in dispute."); *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 870 (8th Cir. 1994) (finding

20  mark could only be presumed to have secondary meaning as of 1988; thus, mark owner was not

21  entitled to presumption of secondary meaning for infringement dating back to 1985).  Stated

22  unequivocally by McCarthy, "If the senior user cannot prove that its mark possessed secondary

23  meaning at the time defendant commenced its use, there can be no infringement, for if there was

24  no secondary meaning, there was no likelihood of confusion when the junior user arrived on the

25  scene."  2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 16:34 (5th

26  ed.).

27      Plaintiff's registration from **2016** does not meet the standard for establishing secondary

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 3
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1   meaning by the time ARM began use in 2012.  Plaintiff failed to prove by a preponderance of

2   the evidence that its mark had any secondary meaning by that relevant date.

3       2.    <u>Plaintiff's mark EKOBREW is not inherently distinctive and thus does not</u>

4   <u>function as a source-identifying mark absent proof of secondary meaning</u>.  Plaintiff's mark is a

5   merely descriptive combination of the descriptive terms ECO and BREW, which have previously

6   each been acknowledged as merely descriptive in the Ninth Circuit.  *See, e.g.*, *Unitek Solvent*

7   *Servs., Inc. v. Chrysler Grp. LLC,* No. 12-00704DKW-RLP, 2013 WL 5503087 (D. Haw.

8   Sept. 30, 2013) (ECODIESEL held to be a merely descriptive combination of the descriptive

9   terms ECO and DIESEL); *Kittrich Corp. v. United Indus. Corp.*, Case No. CV 17-06211, 2017

10  WL 10434389 at *5 (C.D. Cal. 2017) (the parties did not dispute that the prefix ECO in the marks

11  ECOSMART and ECOLOGIC is descriptive in nature); *Official Airline Guides, Inc. v. Goss*,

12  6 F.3d 1385 (9th Cir. 1993) (discussing STEAK & BREW as descriptive of a restaurant's fare);

13  *Steak & Brew Inc. v. Beef & Brew Restaurant, Inc.*, 370 F. Supp. 1030 (S.D. Ill. 1974) ("The

14  descriptive term BREW is not subject to exclusive appropriation."); *beef & brew, inc. v. BEEF*

15  *& BREW, INC.*, 389 F. Supp. 179 (D. Or. 1974) (BREW descriptive of beer, BEEF & BREW

16  merely descriptive of restaurant serving beef and beer/wine).  Thus, Plaintiff's mark is invalid

17  absent proof of secondary meaning.

18      Plaintiff's internal documents and packaging and marketing materials all prove the

19  descriptiveness of its mark.  In multiple instances, Plaintiff refers to its product as "eco-friendly."

20  *See e.g.*, Exs. 78, 53 (current Ekobrew website).  In addition, Plaintiff's product packaging states,

21  "Close brewer, brew, and enjoy" and gives directions "To ensure the best brewing results."

22  Ex. 11.

23      Like the many other eco-friendly products in the marketplace that use the prefix "ECO,"

24  in the context of Plaintiff's goods—reusable cartridges to brew coffee instead of plastic ones—

25  ECO immediately informs the consumer that the goods, are an eco product or, at the least, that a

26  feature or characteristic of the product is that it is eco-friendly.  The use of K in EKO does not

27  alter the term's descriptive nature, as it is long-established that a slight misspelling of a word (the

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 4
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

phonetic equivalent) will not turn a descriptive or generic word into a non-descriptive mark.  *See, e.g.*, *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 328, (1938) ("It seems clear that the mark 'Nu-Enamel' is descriptive of a type of paint long familiar to manufacturers, with the addition of the adjective new, phonetically spelled or misspelled."); *Unisplay S.A. v. American Elec. Sign Co.*, 28 U.S.P.Q.2d 1721, 1732 (E.D. Wash. 1993), *aff'd*, 69 F.3d 512, 36 U.S.P.Q.2d 1540 (Fed. Cir. 1995) (GLO is the equivalent of "glow."); *In re Calphalon Corp.*, 122 U.S.P.Q.2d 1153, 1164 (TTAB 2017) (SHARPIN, the phonetic equivalent of "sharpen," held merely descriptive of knife blocks with built-in sharpeners).

3.   <u>Plaintiff cannot prove EKOBREW has secondary meaning</u>.   To establish secondary meaning, Plaintiff must show that a "substantial segment" of the "purchasing public associates the [mark] with a single producer or source rather than the product itself."   *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987); *Levi Strauss*, 778 F.2d at 1354.   To meet its burden to prove secondary meaning of the EKOBREW, the trier of fact is instructed to consider the following, non-exclusive factors:

(1)   Consumer Perception.   Whether the people who purchase the product that bears the claimed trademark associate the trademark with the owner;

(2)   Advertisement.   To what degree and in what manner the owner may have advertised under the claimed trademark;

(3)   Demonstrated Utility.   Whether the owner successfully used this trademark to increase the sales of its product;

(4)   Extent of Use.   The length of time and manner in which the owner used the claimed trademark;

(5)   Exclusivity.   Whether the owner's use of the claimed trademark was exclusive;

(6)   Copying.   Whether the defendant intentionally copied the owner's trademark; and;

(7)   Actual Confusion.   Whether the defendant's use of the plaintiff's trademark has led to actual confusion among a significant number of consumers.[1]

---

[1] Ninth Circuit Model Civil Jury Instructions, § 15.11 (2017 ed., last updated June 2019); *see*

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 5
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

The relevant time period to determine secondary meaning is ***the date of the allegedly infringing party's first use***.  *See Converse*, 909 F.3d at 1118; *see also beef & brew*, 389 F. Supp. 179 at 184-85; 2 J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition* § 16:34.   ARM started using its mark ECO-FILL in September 2012, only 12 months after Plaintiff alleges it first starting using EKOBREW.  Plaintiff did not and cannot clear the high hurdle to prove that its EKOBREW mark had obtained secondary meaning as of this date.

Plaintiff offers no consumer survey and what scant advertising-related evidence Plaintiff did offer is far too vague and without a factual basis to be concretely tied to the mark, let alone demonstrate secondary meaning for EKOBREW.

## C.   There is No Likelihood of Confusion Between Plaintiff's Marks and Defendant's Marks.

Under the *Sleekcraft* factors, Plaintiff has not shown a likelihood of confusion.  *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979).  Nearly all of the *Sleekcraft* factors weigh heavily in favor of ARM with the sole exception of the relatedness of the parties' goods.

Plaintiff's mark is inherently weak and the only material in common is the descriptive term "eco" which is subject to extensive third-party use.

Plaintiff's own expert, Catherine Carr, testified that Defendant is not prohibited from using ECO as a prefix for an ecological and economical product.  (*See* Dkt. #51-1 at 112-113; Decl. of D. Lowe in Support of Eko's Opposition to ARM's Mot to Exclude Testimony of C. Carr; Carr Dep. at 111:23-112:1 ("Q.  Are you saying ARM wasn't allowed to use the prefix "eco" for a product that's ecological and economical?  A.  I'm not saying that.").)

Despite having co-existed in the marketplace for seven years, with each party selling hundreds of thousands of units throughout the country, Plaintiff cited no evidence of actual

*also Levi Strauss*, 778 F.2d at 1358; *Art Attacks Ink*, 581 F.3d at 1145; *Converse*, 909 F.3d at 1120 (Establishing six factors to be assessed in determining whether a mark has acquired secondary meaning, all six of which are to be weighed together in determining the existence of secondary meaning:  (1) association of the trade dress with a particular source by actual purchasers (typically measured by customer surveys); (2) length, degree, and exclusivity of use; (3) amount and manner of advertising; (4) amount of sales and number of customers; (5) intentional copying; and (6) unsolicited media coverage of the product embodying the mark.)

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW - 6**
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

confusion *at the time of a purchase decision*.  Plaintiff's online reviews and single e-mail inquiry do not establish actual confusion.

Part of the reason for a lack of confusion is that, both parties market to discerning consumers who choose an alternative product to a Keurig disposable coffee pod in large part because they care about the environment.  In addition, both parties have shown that they sell to large-scale, sophisticated retailers such as Target and Bed Bath & Beyond.  "Such professional buyers are less likely to be confused than the ordinary consumer and they do not make haphazard or confused purchase decisions."  *E! Entm't Television, Inc. v. Entm't One GP Ltd.*, No. CV09-01778 R (RCX), 2009 WL 10673224, at *2 (C.D. Cal. May 19, 2009), *aff'd sub nom. EA Entm't Television, Inc. v. Entm't One GP Ltd.*, 363 F. App'x 510 (9th Cir. 2010); *see also Multifab, Inc. v. ArlanaGreen.com*, 122 F. Supp. 3d 1055, 1064 (E.D. Wash. 2015) (stating that "Plaintiff also targets a sophisticated class of consumer:  companies" and noting that professional buyers "are presumed to exercise a much higher degree of care than the casual consumer.")

There is also no willfulness or bad faith here.

Finally, there is no evidence that either party would seek to expand its marks into different markets.

**D.**   **Plaintiff is Not Entitled to Recover Damages.**

1.   As previously briefed to the Court, Plaintiff seeks an impermissible double-recovery of damages/profits that are duplicative of those sought and obtained in a prior patent lawsuit between the parties.

2.   Plaintiff cannot recover ARM's profits because it did not prove that ARM willfully infringed, a pre-requisite for recovery.  *See Stone Creek*, 875 F.3d 426 at 439 (plaintiff seeking disgorgement of defendant's profits in a trademark infringement case must demonstrate that defendant willfully infringed plaintiff's trademark); *see also* Section A *supra* (stating that there could be no willfulness because, at the time of Defendants' adoption, there was no goodwill or brand recognition to try to benefit from).  In addition, Plaintiff did not establish that the profits were due to trademark infringement; instead, the profits were a result of (1) Plaintiff

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW - 7
Civil Action No. 17-CV-00894-TSZ

719141.0001/7780494.5

cannibalizing its own sales by introducing a cheaper Brew & Save product; (2) customers preferring the ECO FILL product; (3) ARM's earlier solution of the 2.0 compatibility issue, and (4) ARM's products being available in different stores than Plaintiff's products.

E.    **Plaintiff's Claims Are Barred by Laches.**

A Court may decide the issue of laches as a matter of law after a trial.  *See e.g. Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 856 F. Supp. 2d 1136, 1151 (C.D. Cal. 2012) ("Based on the evidence presented at trial, the Court holds that Plaintiffs' infringement claim on the '556 patent is barred by the doctrines of laches and equitable estoppel.")

1.    ARM meets the standard for laches.  Laches "prevents a claimant from standing inactive while an infringer exploits intellectual property, only to lay claim to the benefits once the efforts of the competitor have been successful." *iShow.com, Inc. v. Lennar Corp.*, No. C15-1550RSL, 2017 WL 1050344, at *4 (W.D. Wash. Mar. 17, 2017) (*citing Haas v. Leo Feist, Inc.*, 234 F. 105, 108 (S.D.N.Y. 1916)). "We analyze the laches defense with a two-step process." *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 878 (9th Cir. 2014).  First, we assess the plaintiff's delay by looking to whether the most analogous state statute of limitations has expired.  *Id.*  If the most analogous state statute of limitations expired before suit was filed, there is a strong presumption in favor of laches.  *Id.*  That presumption is reversed, however, if the most analogous state statute of limitations expired after suit was filed.  *Id.*

Second, courts assess the equity of applying laches using the *E-Systems* factors: (1) "strength and value of trademark rights asserted;" (2) "plaintiff's diligence in enforcing mark;" (3) "harm to senior user if relief denied;" (4) "good faith ignorance by junior user;" (5) "competition between senior and junior users;" and (6) "extent of harm suffered by junior user because of senior user's delay." *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018) (*citing E-Sys., Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983)).

The Lanham Act does not contain an explicit statute of limitations (*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002)), but laches is a recognized

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW - 8
Civil Action No. 17-CV-00894-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

equitable defense to a Lanham Act claim (*see, e.g., Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 989 (9th Cir. 2009)).  Specifically, "[l]aches is a complete defense to a trademark claim if plaintiff has unreasonably delayed in filing suit and defendant has suffered prejudice.  *iShow.com, Inc. v. Lennar Corp.*, No. C15-1550RSL, 2017 WL 1050344, at *2 (W.D. Wash. Mar. 17, 2017) (*citing Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001)).   In evaluating the delay element, courts consider the limitations period for the analogous action at law:  if plaintiff filed suit after that period expired, a presumption of unreasonable delay arises.  *Jarrow Formulas*, 304 F.3d at 835-36;  *see also Baby Trend, Inc. v. Playtex Prods., LLC*, No. 5:13-cv-647-ODW(RZx), 2013 WL 4039451, at *3-5 (C.D. Cal. Aug. 7, 2013) (applying borrowed statute of limitations "separate and apart from a laches defense" and dismissing Lanham Act claims).

The most analogous statute of limitations here is Washington's three-year limit for trade name infringement and/or fraud.  *See* RCW 4.16.080(2); *Bikila v. Vibram USA Inc.*, 218 F. Supp. 3d 1206, 1213 (W.D. Wash. 2016); *Jarrow*, 304 F.3d at 838 (applying California's three-year statute of limitations for fraud to Lanham Act false advertising claim); *FLIR Sys., Inc. v. Sierra Media, Inc.*, 903 F. Supp. 2d 1120, 1146 (D. Or. 2012) (applying Oregon's two-year statute of limitations for fraud claims to Lanham Act unfair competition and false advertising claims).

Where, as here, the plaintiff filed after the analogous limitation period, there is a "strong presumption" of laches.  *La Quinta Worldwide*, 762 F.3d at 878; *see also Jarrow Formulas*, 304 F.3d at 835-36; *Free Kick Master LLC v. Apple, Inc.*, No. 15-cv-3403-PJH, 2016 WL 777916, at *7 (N.D. Cal. Feb. 29, 2016) (dismissing Lanham Act claims filed at least 26 months after analogous two-year limitations period).  That presumption applies to both elements of laches (unreasonable delay and prejudice).  *See FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1203 (D. Or. 2013).  As such, it is Plaintiff's burden to "come forward with sufficient evidence to raise a genuine issue of fact concerning either unreasonable delay or prejudice."  *adidas Am. Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176 at 1180; *see Saul Zaentz*, 627 F. Supp. 2d 1096, 1114 (N.D. Cal. July 29, 2008).

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW - 9
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

2.    <u>Plaintiff had constructive notice of ARM in 2012</u>.  The laches "clock" begins to tick when a plaintiff knew or should have known about defendant's use of the allegedly infringing mark.  *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) (*citing Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000)).  The Ninth Circuit has held that issuance of a trademark registration from the USPTO is deemed to put a party on notice of another party's use.  *See, e.g.*, *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018) (*citing E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604 (9th Cir. 1983)).

The latest that Plaintiff had constructive notice is November 6, 2012, when ARM registered its ECO FILL mark.  *See Pinkette Clothing*, 894 F.3d at 1025 ("CWL should have known about its claims no later than when Pinkette's registration issued in July 2010."); *see also E-Systems, Inc.*, 720 F.2d at 607 (applying laches where "Monitek registered its trademark in 1972," "[b]ut plaintiff did not file suit for infringement * * * until 1978"); *Bikila*, 218 F. Supp. 3d at 1212–13 ("Registration of a trademark on the principal register constitutes constructive notice of a registrant's claim.") (*citing* 15 U.S.C. § 1072)). Because that date is more than three years prior to the date of filing in this case, the "heavy presumption" of laches applies.

3.    <u>Numerous Other Evidence Demonstrates that Plaintiff Should have known of ARM more than three years prior to filing suit</u>.  The following facts—in addition to ARM's application and registration—support Plaintiff's notice prior to June 2014 (the cut-off date for the laches limitations period):

(1)   ARM publicly advertised its ECO FILL mark on the Internet and its website at least as early as 2012 per Wayback machine records;

(2)   From 2012 onward, Plaintiff and ARM competed in a new and developing product category without many other industry competitors;

(3)   Plaintiff testified that its IP rights were valuable and that it actively enforced its trademark rights, beginning at least as early as November 19, 2013, when Plaintiff filed its first application for the EKOBREW mark with the U.S. Trademark Office;

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 10
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

(4)     Plaintiff relied on the law firm Christensen O'Connor to file its EKOBREW trademark application in November 2013.  Presumably, that professional firm would have searched for other "eco" marks before filing the application and brought any similar marks to Plaintiff's attention;

(5)     The Trademark Examiner searched marks with the prefix "eco" as part of her examination of the EKOBREW application and posted this search to Plaintiff's EKOBREW trademark file on March 6, 2014, (and which search would have included a hit for the ECO FILL registration); and

(6)     Plaintiff and ARM both attended at least one trade show together as early back as March 2013 when the International Home & Housewares Show occurred.

Based on this evidence, Plaintiff did know or should have known about ARM prior to September 2014, even under the stricter standard cited by Plaintiff in its trial brief.  *See* Plaintiff's Trial Brief at 28 (*citing Pinkette*, 894 F.3d at 1027-28; *E-Systems, Inc.*, 720 F.2d at 607); *see also Ultimax Cement Mfg.*, 856 F. Supp. 2d 1136 at 1153 ("The evidence presented during the course of this four-week trial convincingly establishes that Kunbargi and his fellow Plaintiffs reasonably should have known of their claims against Defendants well before they filed suit * * *.  The fact that Plaintiffs considered CTS to be their main competitor further sets in concrete that Plaintiffs had constructive notice of their claims before filing suit.")

4.     Plaintiff's Delay was unreasonable.   This is a classic case of laches and Plaintiff cannot overcome the presumption that laches applies.  However, even if there is no presumption triggered by a delay longer than the applicable limitations period, Plaintiff still unreasonably delayed in filing suit against ARM.  In the scenario most favorable to Plaintiff, Plaintiff admits that it knew of its trademark claim against ARM no later than September 2014 when Plaintiff was served with ARM's ITC complaint.  This date is three months shy of triggering the presumption.  In addition, this ITC proceeding was the first of many prior patent-related litigation between the parties that began in 2014, including a lawsuit brought by this same Plaintiff against ARM for the *very same products at issue in this case* in 2015.  Still, not once did Plaintiff raise

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW - 11
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

719141.0001/7780494.5

any objection, much less make a claim, that ARM was somehow infringing its trademark. Such inaction continued until June 2017 when Plaintiff finally filed suit, all the while with ARM continuing to invest money and grow its brand.

5.    Plaintiff's delay prejudiced ARM.   Laches applies in a case like this when plaintiff's unreasonable delay in filing suit prejudices a defendant. *See, e.g.*, *Jarrow*, 304 F.3d at 835.  Because Plaintiff sued only after the analogous statute of limitations expired, ARM presumptively has been prejudiced by Plaintiffs' delay. *See FLIR*, 965 F. Supp. 2d at 1203; *adidas*, 540 F. Supp. 2d at 1180.  Apart from the presumption, however, ARM still has been prejudiced by Plaintiff's delay.

Indeed, Ms. Sommers, Plaintiff's President/Manager described laches perfectly in her direct testimony, stating, "understanding that smeone is infringing your – any of your intellectual rigts doesn't happen in the blink of an eye.  It's an awareness that grows over time like the way the sun rises.  In the beginning, it's not hardly anything but then, as time goes on, you realize more and more about the situation." (9/17/19 – 12:15-20).  In other words, Plaintiff waited and waited for the sun to rise, and then, when ARM blew the competition away with the first 2.0 compatible product and then when sales of Ekobrew products declined but ARM's sales did not (9/17/19 – 11:9-15)—only when it was clear as day that Ekobrew was losing the competition— did Plainitf sue ARM.  This is precisely what the law, under the laches doctrine, prohibits.

Evidentiary prejudice consists of "lost, stale, or degraded evidence," *id.* at 1209 (quoting *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001)), or "witnesses whose memories have faded or who have died." *adidas v. Kmart*, No. CV-05-120-ST, 2006 WL 2044857 (D. Or. June 15, 2006), at *6 (quoting *Danjaq*, 263 F.3d at 955).  Plaintiff's delay in bringing suit here has resulted in the loss of valuable evidence that ARM could have used to defend against Plaintiff's claims.  Specifically, while ARM knows and can piece back together that it began to consider and decided on the ECO FILL mark at least as early as mid-2011, ARM no longer has concrete documents showing an exact date of conception or a decision to adopt that mark.  In addition, ARM discovered on the Internet that ARM and Plaintiff attended the same trade show

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW - 12
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1  as early as 2013.  However, ARM no longer has records relating to this trade show or other

2  evidence showing the earliest interactions between the parties.  Finally, the graphic designer that

3  ARM used to design the ECO FILL logo in 2011—who would have been an important witness—

4  has died.

5        ARM has also suffered economic prejudice.  ARM invested substantial efforts into

6  growing and developing its ECO-FILL brand and expanded into other marks containing the

7  prefix "eco" all the while Plaintiff stood idly by.  Absent Plaintiff's inaction, ARM could have

8  invested its resources into a different brand direction.  *See San Miguel Pure Foods Co. v. Ramar*

9  *Int'l Corp.*, 625 F. App'x 322, 326 (9th Cir. 2015); *Pinkette*, 894 F.3d at 1028 (9th Cir. 2018)

10  ("Pinkette continued to invest in its LUSH label.  The district court found that, during this time,

11  "Pinkette built its business by pursuing trade shows and advertising;" "[i]t committed to

12  significant expansion of its warehouse;" and "[i]t committed to a significant expansion of its

13  employment base."); *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088 at 1105 ("a

14  defendant can make the required showing of prejudice by proving that it has continued to build

15  a valuable business around its trademark during the time that the plaintiff delayed the exercise of

16  its legal rights."); *see also Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir.

17  1984) (defendant's investments in parts and inventory to expand its existing business was

18  evidence of prejudice for purposes of laches) *FLIR*, 965 F. Supp. 2d at 1209 (finding prejudice

19  where defendant "*may hav*e chosen an alternative marketing position" had plaintiff filed suit

20  sooner (quoting *Jarrow*, 304 F.3d at 839)).  Moreover, at trial, Plaintiff claimed that ARM made

21  millions of dollars selling coffee cartridges.  On its face, this acknowledges that ARM invested

22  in its ECO FILL and other "eco" products and exploited those marks.  *See Bikila*, 218 F. Supp.

23  3d at 1214.

24        Because Plaintiff's unreasonable delay in filing this lawsuit has prejudiced ARM,

25  Plaintiff's claims are barred by laches as a matter of law.

26  ## III.   CONCLUSION

27        For the foregoing reasons, Defendants respectfully request judgment as a matter of law.

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 13
Civil Action No. 17-CV-00894-TSZ

1    DATED:  September 18, 2019.

2                                    LANE POWELL PC

3

4                                    By   s/Kenneth R. Davis II
                                         Kenneth R. Davis II, WSBA No. 21928
5                                        davisk@lanepowell.com
                                         1420 Fifth Avenue, Suite 4200
6                                        Seattle, Washington 98101
                                         Telephone: 206.223.7000
7                                        Facsimile: 206.223.7107

8                                    *Attorneys for Defendants Adrian Rivera*
                                     *Maynez Enterprises, Inc., and Adrian*
9                                    *Rivera*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' MOTION FOR JUDGMENT AS A          **LANE POWELL PC**
MATTER OF LAW - 14                            1420 FIFTH AVENUE, SUITE 4200
Civil Action No. 17-CV-00894-TSZ             P.O. BOX 91302
                                             SEATTLE, WA  98111-9402
                                             206.223.7000  FAX: 206.223.7107

719141.0001/7780494.5

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 18th day of September 2019, the foregoing document was presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

Executed this 18th day of September 2019.

s/Kenneth R. Davis II
Kenneth R. Davis II

DEFENDANTS' MOTION FOR JUDGMENT AS A
MATTER OF LAW - 15
Civil Action No. 17-CV-00894-TSZ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107