UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EKO BRANDS, LLC,

                  Plaintiff,

     v.

ADRIAN RIVERA MAYNEZ
ENTERPRISES, INC.; and ADRIAN
RIVERA,

                Defendants.

C17-894 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Plaintiff's motion for attorney fees, docket no. 154, is DENIED.  Plaintiff's request is brought under the Lanham Act, which authorizes the Court to award reasonable attorney fees to the prevailing party in an "exceptional" case.  15 U.S.C. § 1117(a). Plaintiff bears the burden of proving by a preponderance of the evidence that this case is "exceptional" within the meaning of the Lanham Act.  *See* *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc).  An "exceptional" case is one that "stands out from others" with respect to either the "substantive strength of a party's litigating position" or the "unreasonable manner in which the case was litigated." *Id.* at 1180 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).  The Supreme Court has not adopted any "precise rule or formula for making these determinations," and has instructed that "equitable discretion" should be exercised "in light of the considerations [it has] identified."  *Octane Fitness*, 572 U.S. at 554.  Those considerations, which must be viewed in the "totality of the circumstances," include the following, nonexclusive factors:  frivolousness, motivation, objective unreasonableness in the factual and/or legal components of the case, and the need to advance considerations of compensation and deterrence.  *SunEarth*, 839 F.3d at 1180-81. Given the relative weakness of plaintiff's marks, plaintiff's abandonment after trial began

1    of its claim for actual damages, plaintiff's lack of success with respect to the two largest
     components of damages that it sought (*i.e.*, the disgorgement of defendants' profits

2    associated with ECO FILL 2.0 and ECO CARAFE), and the fairly narrow injunctive
     relief awarded to plaintiff, the Court cannot find that plaintiff's claims stand out from

3    others as exceptionally strong.  The Court also cannot conclude that defendants litigated
     this matter in a manner that was unreasonable.  If anything, this case stands out for the

4    cordiality that trial counsel displayed toward each other and for the absence of any
     discovery motion.  Moreover, on the first day of trial, plaintiff, not defendants, was the

5    subject of a Minute Order, docket no. 119, requiring a showing of cause why it should
     not be sanctioned for failing to make certain mandatory disclosures, and in response,

6    plaintiff withdrew its claim for actual damages, *see* Pla.'s Resp. (docket no. 120).
     Notably, in its motion for attorney fees, plaintiff does not contend that its position in this

7    case was particularly strong or that defendants' litigation behavior was unreasonable in
     any regard.  Rather, in seeking attorney fees, plaintiff relies primarily on the fact that

8    defendants' infringement was deemed willful.  Although willfulness can be a
     "compelling" indicator that a case is exceptional, such conclusion is not automatic.  *See*

9    *Microsoft Corp. v. Corel Corp.*, 2018 WL 2183268 at \*8-\*9 (N.D. Cal. May 11, 2018)
     (concluding that willful patent infringement was "not sufficient to render this an

10   exceptional case" and that "[s]omething more is needed"); *see also* *SunEarth*, 839 F.3d at
     1180 (the fee-shifting provisions of the Patent Act and the Lanham Act are interpreted "in

11   tandem").  In this matter, the Court found that, when defendants adopted their ECO FILL
     mark in 2012, they were aware of plaintiff's EKOBREW marks, which were associated

12   with award-winning products, and that defendants chose the ECO FILL mark and
     designed their logo in an effort to exploit plaintiff's success.  *See* Findings of Fact and

13   Conclusions of Law at ¶¶ 18 & 33–41 (docket no. 149).  These findings support the
     conclusion that defendants' infringement was willful, *see* *id.* at ¶¶ 32 & 42, but the

14   context in which such willful infringement occurred weighs against finding this case
     exceptional.  When defendants first began using ECO FILL, and when they extended the

15   "ECO" line of marks to include ECO CARAFE and ECO-FLOW, plaintiff had not yet
     registered its EKOBREW marks.  Indeed, the bulk of defendants' profits associated with

16   the "ECO" line of marks was generated before the Certificates of Registration for
     EKOBREW and the ekobrew design were issued in November 2016.  *See* *id.* at ¶ 3; *see*

17   *also* Minute Order at 3 n.1 & Table 3 (docket no. 174).  In seeking attorney fees, plaintiff
     also argues that defendants' adoption of additional infringing marks (*i.e.*, ECO-PURE,

18   ECO FILTER, and ECOSAVE) while this action was pending and defendants' proffer of
     non-credible testimony at trial in both this matter and the prior patent litigation establish a

19   need for deterrence that renders this case exceptional.  The Court is not convinced.  The
     jury in the earlier proceedings found that defendants' patent infringement was **not** willful,

20   the presiding judge refused plaintiff's invitation to disturb the jury's verdict and declined
     plaintiff's request to find the case "exceptional" in its entirety, and the Federal Circuit

21   affirmed the judgment.  *See* *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*,
     W.D. Wash. Case No. C15-522 JPD (docket nos. 242, 271, & 341).  The result in the

22   patent infringement matter, which reflects that the jury "credited" Adrian Rivera's

23

testimony, _see_ Order at 8 (C15-522 JPD, docket no. 271), does not support a conclusion that defendants are serial liars or that this case stands out from others in which the parties disagree about the underlying facts and the inferences to be drawn. The previous litigation also undermines plaintiff's accusation that defendants "adopted additional marks calculated to build on [their] ill-gotten gain," Pla.'s Mot. at 5 (docket no. 154), because plaintiff had the opportunity, before defendants further expanded their "ECO" line of marks, to pursue its trademark infringement claims in the earlier case, but opted not to do so. Indeed, in presenting their laches defense, which was rendered moot by the finding of willfulness, defendants pointed to plaintiff's failure to raise the trademark infringement claim in the prior patent-related litigation. _See_ Defs.' Trial Brief at 18 (docket no. 96). Given the status of plaintiff's marks between 2012 and 2016, and the course of the parties' patent dispute, the Court concludes that plaintiff has been adequately compensated by the disgorgement of net profits attributable to the use of certain "ECO" marks, and that the permanent injunction entered by the Court will serve to deter defendants from further infringing on plaintiff's EKOBREW marks. Attorney fees would be unnecessarily punitive, and based on the "totality of the circumstances," the Court, exercising its "significant [equitable] discretion," finds that this case is not "exceptional" within the meaning of the Lanham Act. _See SunEarth, Inc. v. Sun Earth Solar Power Co._, 2017 WL 9471951 at *1 (N.D. Cal. July 19, 2017) (denying motion to amend Order on Attorneys' Fees After Remand (Feb. 22, 2017) (ruling that the Lanham Act case was not exceptional because the non-prevailing defendants' litigating position was "not objectively unreasonable," their two "major missteps" in the action were not the product of "wrongful" motives, and the plaintiffs had been separately compensated by an award of attorneys' fees and costs incurred in bringing their motion for contempt)).

   (2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

   Dated this 2nd day of April, 2020.


                                          William M. McCool
                                          Clerk

                                          s/Karen Dews
                                          Deputy Clerk

MINUTE ORDER - 3